FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2016 DEC -5  AM 11: 30

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

NICOLE DEGRASSE, CLAUDIO LOPEZ
PEREA and BEATRIZ FERNANDEZ,

        Plaintiff,

v.

COCINA AQUI, LLC, FRANCES
BARTLETT and VITALY GRASIANO,

        Defendant.

Case No. 8:16 CV 3329 T 35 JSS

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW Plaintiffs, NICOLE DEGRASSE, CLAUDIO LOPEZ PEREA, and
BEATRIZ FERNANDEZ, by and through the undersigned counsel, file their Complaint and
Demand For Jury Trial against Defendants, COCINA AQUI, LLC, FRANCES BARTLETT, and
VITALY GRASIANO and state as follows:

### CAUSES OF ACTION

1.    This is an action for unpaid wages pursuant to the Fair Labor Standards Act of
1938, as amended, 29 U.S.C.§ 201, *et. seq.* (FLSA), Article X, Section 24, Florida Constitution,
the Florida Minimum Wage Act, Fla. Stat. § 448.110, and Florida common law.

### PARTIES

2.    Plaintiffs are individuals who currently reside in Pinellas County, Florida.

3.    Defendant Cocina Aqui, LLC is a Florida limited liability company with its
principal place of business located in Pinellas County, Florida.

4.    Defendant Bartlett resides in Pinellas County, Florida.

1



5.    Defendant Grasiano resides in Pinellas County, Florida.

### JURISDICTION AND VENUE

6.    Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216 (b) because this action involves a federal question under the Fair Labor Standards Act. Jurisdiction over the state law claims set forth herein is proper pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367.

7.    Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division because the Plaintiffs reside in, and the Defendants reside and conduct business in, and all of the events giving rise to Plaintiffs' claims occurred in Pinellas County, Florida.

### GENERAL ALLEGATIONS

8.    Defendant Cocina Aqui, at all times relevant, operated a restaurant in Redington Shores, Florida.

9.    Defendants Bartlett and Grasiano, at all times relevant, were the owners and operators of Cocina Aqui.

10.    At all times material hereto, Cocina Aqui was "an enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of minimum wages and overtime compensation to non-exempt employees.

11.    In this regard, Cocina Aqui employed two or more individuals engaged in commerce or in the production of goods for commerce, and/or handled, sold, or otherwise worked on goods or materials that were moved in or produced for commerce by any person.

12.     More specifically, Cocina Aqui employed two or more employees who, as part of their job duties, handled food and beverage items that had been produced out of state and transported in interstate commerce.

13.     Cocina Aqui employed two or more individuals who, as part of their job duties, regularly handled dishware and eating utensils, that had been produced out of state and transported through interstate commerce.

14.     Cocina Aqui employed two or more individuals who, as part of their job duties, regularly handled ovens, refrigerators, freezers, and other kitchen equipment that had been produced out of state and transported through interstate commerce.

15.     Cocina Aqui employed two or more individuals who, as part of their job duties, regularly utilized cash registers and/or point of sale computer systems that had been produced out of state and transported through interstate commerce.

16.     Cocina Aqui earned annual gross revenues in excess of $500,000.00.

17.     By virtue of being a covered employer under the FLSA, Cocina Aqui was at all times relevant a covered employer under Article X, Section 24, Florida Constitution (Art. X. Sec. 24) and the Florida Minimum Wage Act, Fla. Stat. § 448.110 (FMWA).

18.     At all times material hereto, Defendants Bartlett and Grasiano were employers within the meaning of the FLSA subject to liability for violations thereof.

19.     In this regard, as owners and operators of Cocina Aqui, Bartlett and Grasiano devised and implemented all pay policies of the company including those policies directly affecting Plaintiffs' compensation.

20.     Bartlett and Grasiano maintained the right to hire, fire and discipline all employees of Cocina Aqui.

21.     Bartlett and Grasiano determined Plaintiffs' workdays, work hours, compensation, and all other terms and conditions of their employment.

22.     By virtue of being employers under the FLSA, Bartlett and Grasiano were employers under Art. X, Sec. 24 and the FMWA subject to liability for violations thereof.

23.     Plaintiffs were non-exempt employees of Defendants and were therefore entitled to payment of at least the current federal minimum wage for all hours worked.

24.     Plaintiffs were non-exempt employees of Defendants and were therefore entitled to payment of at least the current Florida minimum wage for all hours worked.

25.     Plaintiffs were non-exempt employees of Defendants and were therefore entitled to payment of overtime compensation at one and one half times their respective regular hourly wage rates for each hour worked in excess of 40 hours in a workweek.

### Plaintiff Degrasse's Employment and Unpaid Wages

26.     Plaintiff Degrasse worked for Cocina-Aqui for approximately one year, with her employment ending on or about June 23, 2016 on account of the business closing and going into receivership.

27.     Degrasse worked in the dining room in various capacities, initially at a "tip credit" rate of $5.03/hour.

28.     However, Defendants willfully failed to meet their obligation to pay Degrasse the applicable minimum wage.

LAW OFFICE OF R. MICHAEL PIERRO, JR.,
PROFESSIONAL ASSOCIATION

29.     In fact, this was the result of Defendants wrongfully retaining 3% of Degrasse's tips.

30.     Degrasse's compensation was raised to $10/hour in October 2015 and in early 2016, to $12/hour.

31.     In mid-February 2016, Degrasse began receiving a weekly salary of $625.00 based upon a 40 hour workweek and received $7.03/hour for each hour worked over 40 hours in a given workweek.

32.     Defendants failed to pay Degrasse time and one half of her regularly hourly rate for each hour worked over 40 in a workweek.

33.     Degrasse is further owed for unpaid contractual, straight time wages stemming from a paycheck in the amount of $499.66 (after employment withholdings) returned for insufficient funds in May 2016.

34.     Additionally, Degrasse did not receive paychecks for her final three (3) pay periods.

35.     Each of these final checks should have been comprised of her $625.00 weekly salary plus any overtime pay accrued.

36.     Her final paycheck alone should have amounted to $625.00 plus approximately eleven (11) hours of overtime compensation.

37.     The failure to pay these wages constitutes not only a breach of contract but also minimum wage and overtime pay violations since Degrasse received no compensation for said pay periods and did not received time and one half her regular hourly rate for each hour worked in excess of 40 in a workweek.

LAW OFFICE OF R. MICHAEL PIERRO, JR.,
PROFESSIONAL ASSOCIATION

38.     In addition, over a period of time, Defendants deducted $2,700.00 from Degrasse's wages pursuant to a garnishment order.

39.     However, unbeknownst to Degrasse, the deducted funds were never remitted by Defendants to the garnishor on her behalf resulting in the debt going into collections.

40.     Upon information and belief, Defendants converted the deducted funds to their own use.

41.     Defendants' failure to remit the deducted funds to the Garnishor was tantamount to failing to pay Degrasse all contractual wages she had earned.

### Lopez and Fernandez's Employment and Unpaid Wages

42.     Plaintiff's Lopez and Fernandez worked as cooks for Cocina-Aqui as well as its predecessor entity, Bartlett's Lobster Pot, LLC.

43.     Lopez and Fernandez's hourly wage rates were $16 and $13, respectively.

44.     Their employment with Cocina-Aqui ended on or about June 23, 2016 on account of the business closing and going into receivership.

45.     During multiple workweeks, Defendants failed to pay Lopez and Fernandez their overtime rates for all hours worked in excess of 40.

46.     In addition, Defendants failed to pay Lopez and Fernandez their contractual wages for *at least* their three (3) final pay periods.

47.     For these 3 weeks alone, they are are owed straight time, contractual wages of $3,040.00 and $2,470.00, respectively (based upon 190 hours).

48.     Lopez and Fernandez may be entitled to additional unpaid contractual wages.

LAW OFFICE OF R. MICHAEL PIERRO, JR.,
PROFESSIONAL ASSOCIATION

49.     The failure to pay these wages constitutes not only a breach of contract but also minimum wage and overtime pay violations since Lopez and Fernandez received no compensation for said pay periods and did not received time and one half their respective regular hourly wage rates for each hour worked in excess of 40 in a workweek.

## COUNT I
### *(Failure to Pay Minimum Wages in violation of the FLSA)*

50.     Plaintiffs re-allege and adopt, as if fully set forth in Count I, the allegations in paragraphs 1 through 49.

51.     The FLSA requires that every covered employer shall pay each of their non-exempt employees the applicable minimum wage. 29 U.S.C. § 206(a).

52.     Plaintiffs were entitled to be paid at least the applicable federal minimum wage for all hours they worked during their employment with Defendants.

53.     Defendants willfully failed to pay Plaintiffs at least the federal minimum wage for all hours worked.

54.     Defendants owe Plaintiffs their unpaid federal minimum wages plus additional amounts in the way of liquidated damages equal to their respective unpaid minimum wages.

55.     Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, for unpaid minimum wages plus equal amounts in the way of liquidated damages, prejudgment interest together with the costs of suit, reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## COUNT II
*(Failure to Pay Minimum Wages in violation of Article X, Section 24, Florida Constitution)*

56.     Plaintiffs re-allege and adopt, as if fully set forth in Count II, the allegations in paragraphs 1 through 49.

57.     Plaintiffs were entitled to be paid at least the applicable Florida minimum wage for all hours worked during their employment with Defendants.

58.     Defendants willfully failed to pay Plaintiffs at least the Florida minimum wage for all hours worked.

59.     Defendants owe Plaintiffs unpaid Florida minimum wages plus an additional amount in the way of liquidated damages equal to the amount of unpaid minimum wages.

60.     Defendants did not make a good faith effort to comply with Art. X, Sec. 24 respect to their compensation of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for unpaid Florida minimum wages plus equal amounts in the way of liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Art. X, Sec. 24), and such other and further relief that the Court deems just and proper.

## COUNT III
*(Failure to Pay Minimum Wages in violation of the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA")*

61.     Plaintiffs re-allege and adopt, as if fully set forth in Count III, the allegations in paragraphs 1 through 49.

62.     Plaintiffs were entitled to be paid the applicable Florida minimum wage for all hours worked during their employment with Defendants.

63.    Defendants willfully failed to pay Plaintiffs at least the Florida minimum wage for all hours worked.

64.    Defendants owe Plaintiffs their unpaid Florida minimum wages plus additional amounts in the way of liquidated damages equal to the amount of unpaid minimum wages.

65.    Defendants did not make a good faith effort to comply with the FMWA with respect to their compensation of Plaintiff.

66.    Through undersigned counsel, and in accordance with Fla. Stat. § 448.110(6), Plaintiff Degrasse, through undersigned counsel, sent a written demand on October 6, 2016 to Defendants seeking, in part, payment of unpaid minimum wages under the FMWA. A true and correct copy of the demand letter is attached hereto as Exhibit A.

67.    Through undersigned counsel, and in accordance with Fla. Stat. § 448.110(6), Plaintiffs Lopez and Fernandez, through undersigned counsel, sent a written demand on October 6, 2016 to Defendants seeking, in part, payment of unpaid minimum wages under the FMWA. A true and correct copy of the demand letter is attached hereto as Exhibit B.

68.    Defendants refused to engage in settlement discussions within 15 days of their receipt of the demand letters.

69.    Plaintiffs have met all conditions precedent to bringing their claims under the FMWA.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for unpaid Florida minimum wage compensation in amounts to be determined at trial, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to the FMWA), and such other and further relief that the Court deems just and proper.

LAW OFFICE OF R. MICHAEL PIERRO, JR.,
PROFESSIONAL ASSOCIATION

**COUNT IV**
*(Plaintiff Degrasse's Claim for Fraudulent Misrepresentation and Entitlement to Attorney's Fees under Fla. Stat., § 448.08)*

70.     Plaintiff Degrasse re-alleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 49.

71.     Defendants falsely represented that they remitted the garnishment funds from Plaintiff Degrassi's paychecks to the garnishor.

72.     Defendants knowingly failed to remit the garnishment funds to the garnishor to the economic detriment of Plaintiff Degrasse.

73.     Defendants knowingly misappropriated the funds for their own use.

74.     Plaintiff was harmed by Defendants' fraudulent misrepresentation in that she remained indebted to the garnishor.

75.     Because the funds withheld and misappropriated by Defendants were earned wages, Plaintiff is entitled to recover her reasonable attorney's fees pursuant to Fla. Stat., § 448.08.

WHEREFORE, Plaintiff Degrasse demands judgment against Defendants, jointly and severally, for the full amount of withheld but unremitted garnished wages, all additional economic losses incurred as a result of Defendants' failure to remit the funds to the garnishor, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Fla. Stat., § 448.08), and such other and further relief that the Court deems just and proper.

**COUNT V**
*(Breach of Contract and Entitlement to Attorney's Fees under Fla. Stat., § 448.08)*

76.     Plaintiff re-alleges and adopts, as if fully set forth in Count IV, the allegations in paragraphs 1 through 49.

77.     Defendants were contractually obligated to pay Plaintiffs the agreed wage rates in consideration for all hours worked during their employment with Defendants.

78.     Plaintiffs performed all conditions precedent to receipt of the agreed wages for all hours worked.

79.     Defendants breached their contractual obligations by failing to pay Plaintiffs their respective wage rates for all hours worked during the relevant time period.

80.     Defendants breaches of contract have damaged Plaintiffs by denying them the benefit of the bargain, i.e. full payment of wages for all hours worked.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for promised wages earned, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Fla.Stat., § 448.08), and such other and further relief that the Court deems just and proper.

## COUNT VI
### *(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207)*

81.     Plaintiffs re-alleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 49.

82.     During the relevant time period, Plaintiffs were non-exempt employee under the FLSA and were therefore entitled to overtime pay at time and one-half their regular rates of pay for all hours worked in excess of forty (40) in a workweek.

83.     During the relevant time period, Defendants required Plaintiffs to work in excess of forty (40) hours in a workweek during certain workweeks.

84.     Defendants willfully failed to pay Plaintiffs at time and one-half their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

85.   As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages in the way of unpaid overtime compensation.

86.   Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

87.   Plaintiffs are entitled to recover from Defendants the unpaid overtime compensation, and additional equal amounts as liquidated damages, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, for unpaid overtime compensation, liquidated damages, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, Plaintiffs demand a trial by jury as to all issues triable as of right,

Dated this 4th day of December 2016.                    Respectfully submitted,

R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Counsel for Defendant*

**LAW OFFICE OF
R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
mikepierro@rmpemploymentlaw.com

# EXHIBIT A

# RMP

LAW OFFICE OF
## R. Michael Pierro, Jr.
PROFESSIONAL ASSOCIATION

L A B O R   A N D   E M P L O Y M E N T

---

## FACSIMILE TRANSMITTAL RECORD
## Hardcopy Will Follow Via U.S. Mail:   Yes      No X

| | |
|---|---|
| **DATE:** | October 6, 2016 |
| **# OF PAGES:** | 5 (including cover) |
| **SENT TO:** | Michael J. Faehner, Esq. |
| **COMPANY:** | |
| **SENT TO FAX #:** | 727-474-9949 |
| **FROM:** | R. Michael Pierro, Jr. |
| **COMMENTS:** | Re: Nicole Degrasse v. Cocina-Aqui, et al.. |

---

**FOR PROBLEMS OR QUESTIONS CONCERNING THIS TRANSACTION,**

**CALL (727) 201-2573.**

The information contained in this facsimile message is Attorney Privileged and Confidential and is intended only for the use of the individual or entity named as recipient. If the reader is not the recipient, be hereby noticed that the dissemination, distribution or copy of this communication is strictly prohibited.

**IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,**
**PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE.**
**THANK YOU.**



**RMP** | LAW OFFICE OF
R. Michael Pierro, Jr.
PROFESSIONAL ASSOCIATION

L A B O R   A N D   E M P L O Y M E N T

October 6, 2016

**_VIA CERTIFIED AND REGULAR MAIL_**

Frances Bartlett
Cocina-Aqui, LLC
478 Mandalay Ave
Clearwater Beach, Florida 33767

**_VIA FAX ONLY [727-474-9949]_**

Michael J. Faehner, Esq.
_as legal counsel to Vitaly Grasiano_
600 Bypass Drive, Suite 100
Clearwater, Florida 33764

> Re:   _Nicole Degrasse- Unpaid Wages_

Dear Ms. Bartlett and Mr. Faehner :

Be advised, I represent Nicole Degrasse with regard to the matter of unpaid wages arising out of her previous employment with Cocina-Aqui, LLC. This letter will, in part, serve as a presuit notice of unpaid Florida minimum wages pursuant to Fla.Stat., Section 448.110(6).[1]

It is my understanding that Ms. Degrasse worked for Cocina-Aqui for approximately one year, with her employment ending on or about June 23, 2016 on account of the business closing and going into receivership.

During her employment, Ms. Degrasse worked in the dining room in various capacities, initially at a rate of $5.03/hour. Ms. Degrasse's compensation was raised to $10/hour in October 2015. In

---

[1] Be advised, we maintain that bringing a claim specifically pursuant to the Florida Minimum Wage Act (FMWA) is unnecessary given the self-executing language of Article X, Section 24 of the Florida Constitution. More importantly, we maintain that the Florida Legislature overstepped its constitutional boundaries when it included the presuit notice requirement in the FMWA. However, given a split of authority in the courts on the legality of the presuit notice requirement, the instant demand is made merely out of an abundance of caution.

February 2016, her hourly rate was increased to $12/hour. Not long thereafter, in mid-February 2016, Ms. Degrasse began receiving a weekly salary of $625.00 based upon a 40 hour workweek with her receiving $7.03/hour for each hour worked over 40 hours.

### Unpaid Minimum Wages

At all times relevant, Cocina-Aqui was an enterprise engaged in commerce subject to the minimum wage and overtime pay provisions of the Fair Labor Standards Act (FLSA). Ms. Degrasse was a non-exempt employee of Cocina-Aqui under the FLSA, thus entitling her to be paid at least the federal minimum wage for all hours worked in a workweek.

By virtue of coverage under the FLSA, Cocina-Aqui was also a covered employer under Florida's minimum wage law, Article X, Section 24 of the Florida Constitution ("FMWL"). Consequently, Ms. Degrasse was entitled to be paid at least Florida's minimum wage of $8.05/hour for all hours worked in a workweek.

Notwithstanding its legal obligations, Cocina-Aqui failed to pay Ms. Degrasse at least the Florida minimum wage for multiple workweeks during which she was evidently paid a "tip credit" wage rate of $5.03/hour. A minimum wage shortfall occurred in that Ms. Degrasse's tips did not cover the difference between the minimum wage and the tip credit wage. In fact, this was the result of Cocina-Aqui wrongfully retaining 3% of all tips.

Ms. Degrasse is entitled to recover both the underlying unpaid minimum wages plus an equal amount in the way of statutory liquidated damages. Furthermore, both the FLSA and FMWL provide for the recovery of reasonable attorney's fees and costs.

### Unpaid Overtime Wages

Ms. Degrasse was additionally entitled to be paid overtime compensation at a rate of 1 ½ times her regular hourly rate for each hour worked over 40 in a workweek. It is estimated that she was paid for approximately 240 hours of overtime at a rate of $7.03/hour. However, given her weekly salary of $625, which was based upon a 40 hour workweek, her effective regular hourly rate was $15.63. At time and one half her regular rate, Ms. Degrasse should have been paid at least $23.45/hour for each hour worked over 40 hours in a workweek. As such Ms. Degrasse was shorted $16.42 per overtime hour worked. Based upon 240 overtime hours, she is owed at least an additional $3,940.80. She is further entitled to recover an equal amount in the way of statutory liquidated damages as well as her reasonable attorney's fees and costs. Note that these figures do not include any overtime accrued

during the last several weeks of Ms. Degrasse's employment. In fact, she received no pay for said workweeks.

*Unpaid Contractual Wages*

The unpaid minimum wages and overtime compensation aside, Ms. Degrasse is further owed for unpaid contractual, straight time wages stemming from a paycheck in the amount of $499.66 (after employment withholdings) returned for insufficient funds in May 2016. Moreover, it appears Ms. Degrasse did not receive a paycheck for her final three (3) pay periods. These final checks should have been comprised of her $625.00 weekly salary plus any overtime pay accrued. Her final paycheck alone should have amounted to $625.00 plus approximately eleven (11) hours of overtime compensation. The failure to pay these wages constitutes not only a breach of contract but also minimum wage and overtime pay violations since she received no compensation for said pay periods.

In addition, over a period of time, $2,700.00 was deducted from Ms. Degrasse's wages pursuant to a garnishment order. However, the deducted funds were never remitted to the garnishor on Ms. Degrasse's behalf and the debt has now gone into collections. The knowing failure to remit these funds to their intended recipient constitutes fraud and civil theft. We suspect Mr. Grasiano is principally responsible for this unlawful conduct, though our investigation of the facts continues.

Ms. Degrasse is owed these unpaid contractual wages as well as reasonable attorney's fees pursuant to Florida Statute, Section 448.08.

*Demand*

Be advised that the above calculations are a partial estimate of the wages currently owed Ms. Degrasse. A more complete analysis will require your production of the pay records, including documentation of hours worked by Ms. Degrasse. With that information in hand (assuming it was properly recorded and retained), we will be in a position to provide a more precise calculation of the unpaid wages, including contractual pay, minimum wages and overtime pay.

It should also be kept in mind that the FLSA and FMWL extend liability for wage violations to not only legal business entities but also to owners as well as non-owners who promulgate and/or enforce offending pay practices of the business. As such, personal liability would likely attach to the company's owners, Ms. Bartlett and Mr. Vitaly if this matter were to proceed to litigation.

It is certainly my hope that we can amicably resolve this matter without the need for further escalation. In this regard, please contact me no later than Thursday, October 13, 2016 in order to arrange for production of the necessary pay records and to discuss possible resolution of my client's wage claims. If I do not hear from you by October 13th, I will assume there is no interest in resolving this matter and Ms. Degrasse will pursue her claims in federal court against Cocina-Aqui and its principals, Ms. Bartlett and Mr. Grasiano.

I look forward to hearing from you.

Sincerely,

R. Michael Pierro, Jr.

RMP

# EXHIBIT B



**LAW OFFICE OF**
**R. Michael Pierro, Jr.**
PROFESSIONAL ASSOCIATION

L A B O R   A N D   E M P L O Y M E N T

---

## FACSIMILE TRANSMITTAL RECORD
## Hardcopy Will Follow Via U.S. Mail:  Yes      No X

**DATE:**         October 6, 2016

**# OF PAGES:**    5 (including cover)

**SENT TO:**      Michael J. Faehner, Esq.

**COMPANY:**

**SENT TO FAX #:**  727-474-9949

**FROM:**         R. Michael Pierro, Jr.

**COMMENTS:**     Re: Perea and Fernandez  v. Cocina-Aqui, et al..

---

**FOR PROBLEMS OR QUESTIONS CONCERNING THIS TRANSACTION,**

**CALL (727) 201-2573.**

The information contained in this facsimile message is Attorney Privileged and Confidential and is intended only for the use of the individual or entity named as recipient.  If the reader is not the recipient, be hereby noticed that the dissemination, distribution or copy of this communication is strictly prohibited.

**IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR,**
**PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE.**
**THANK YOU.**



LAW OFFICE OF
R. Michael Pierro, Jr.
PROFESSIONAL ASSOCIATION

L A B O R   A N D   E M P L O Y M E N T

October 6, 2016

*VIA CERTIFIED AND REGULAR MAIL*

Frances Bartlett
Cocina-Aqui, LLC
478 Mandalay Ave
Clearwater Beach, Florida 33767

*VIA FAX ONLY [727-474-9949]*

Michael J. Faehner, Esq.
*as legal counsel to Vitaly Grasiano*
600 Bypass Drive, Suite 100
Clearwater, Florida 33764

    Re:   *Claudio Perea and Beatriz Fernandez- Unpaid Wages*

Dear Ms. Bartlett and Mr. Faehner .

    Be advised, I represent Claudio Perea and Beatriz Fernandez with regard to the matter of unpaid wages arising out of their previous employment with Cocina-Aqui LLC.  This letter will, in part, serve as a presuit notice of unpaid Florida minimum wages pursuant to Fla.Stat., Section 448.110(6).[1]

*Unpaid Contractual Wages*

    Mr. Perea and Ms. Fernandez worked as cooks for Cocina-Aqui as well as its predecessor entity, Bartlett's Lobster Pot, LLC.  It is my understanding that Mr. Perea and Ms. Fernandez's

---

[1] Be advised, we maintain that bringing a claim specifically pursuant to the Florida Minimum Wage Act (FMWA) is unnecessary given the self-executing language of Article X, Section 24 of the Florida Constitution.  More importantly, we maintain that the Florida Legislature overstepped its constitutional boundaries when it included the presuit notice requirement in the FMWA.  However, given a split of authority in the courts on the legality of the presuit notice requirement, the instant demand is made merely out of an abundance of caution.

hourly wage rates were $16 and $13, respectively. Their employment ended on or about June 23, 2016 on account of the business closing and going into receivership.

Cocina-Aqui failed to pay my clients their contractual wages for *at least* their (3) final pay periods. For these 3 weeks alone, Mr. Perea and Ms. Fernandez are owed straight time, contractual wages of $3,040.00 and $2,470.00, respectively (based upon 190 hours). The company's conduct in this regard amounts to a breach of contract for which my clients are entitled to recover their unpaid wages.

Pursuant to Florida Statute, Section 448.08, my clients are also entitled to recover their reasonable attorney's fees for having to pursue these unpaid contractual wages.

### Unpaid Minimum Wages

At all times relevant, Cocina-Aqui was an enterprise subject to the minimum wage and overtime pay provisions of the Fair Labor Standards Act (FLSA). Both Mr. Perea and Ms. Fernandez were non-exempt employees of Cocina-Aqui under the FLSA, thus entitling them to be paid at least the federal minimum wage for all hours worked in a workweek.

By virtue of coverage under the FLSA, Cocina-Aqui was also a covered employer under Florida's minimum wage law, Article X, Section 24 of the Florida Constitution ("FMWL"). Consequently, Mr. Perea and Ms. Fernandez were entitled to be paid at least Florida's minimum wage of $8.05/hour for all hours worked in a workweek.

Notwithstanding its legal obligations, Cocina-Aqui failed to pay Mr. Perea and Ms. Fernandez at least the Florida minimum wage for one or more workweeks. In fact, as stated above, there are at least three (3) workweeks for which the company failed to pay them wages of any kind. For these weeks alone, Mr. Perea and Ms. Fernandez are each owed $966.00 (based upon 120 hours) in unpaid Florida minimum wages.

My clients are entitled to recover both the underlying unpaid minimum wages plus an equal amount in the way of statutory liquidated damages.[2] Furthermore, both the FLSA and FMWL provide for the recovery of reasonable attorney's fees and costs.

---

[2] Of course, the unpaid minimum wages would be subsumed by any contractual wages owed. However, my clients would still be entitled to the liquidated damages above and beyond the contractual wages due to the fact that the FLSA was violated.

### Unpaid Overtime Wages

Mr. Perea and Ms. Fernandez were additionally entitled to be paid overtime compensation at a rate of 1 ½ times their respective, regular hourly rates for each hour worked over 40 hours in a workweek. During multiple workweeks, Cocina-Aqui failed to pay them their overtime rates for all overtime hours. Over the course of the final three (3) pay periods of their employment alone, my clients each worked 70 hours of overtime for which they were not compensated. For these pay periods, at their respective overtime rates, Mr. Perea is owed $1,680.00 and Ms. Fernandez is owed $1,365.00 in unpaid overtime compensation. Pursuant to the FLSA, my clients are further entitled to recover an equal amount in the way of statutory liquidated damages as well as their reasonable attorney's fees.

Note that the this figure does not necessarily encompass all unpaid overtime hours worked by my clients during their employment. In order to precisely calculate the overtime hours for which my clients were not paid, we will require your production of all pay records including, but not limited to, the records of weekly hours worked.

### Demand

Be advised that the above calculations are a partial estimate of the wages currently owed to Mr. Perea and Ms. Fernandez. A more complete analysis will require your production of the pay records, including documentation of hours worked by my clients. With that information in hand (assuming it was properly recorded and retained), we will be in a position to provide a more precise calculation of the unpaid wages, including contractual pay, minimum wages and overtime pay.

It should also be kept in mind that the FLSA and FMWL extend liability for wage violations to not only legal business entities but also to owners as well as non-owners who promulgate and/or enforce offending pay practices of the business. As such, personal liability would likely attach to the company's owners, Ms. Bartlett and Mr. Vitaly if this matter were to proceed to litigation.

It is certainly my hope that we can amicably resolve this matter without the need for further escalation. In this regard, please contact me no later than Thursday, October 13, 2016 in order to arrange for production of the necessary pay records and to discuss possible resolution of my clients' wage claims. If I do not hear from you by October 13th, I will assume there is no

4

interest in resolving this matter and Mr. Perea and Ms. Fernandez will pursue their claims in federal court against Cocina-Aqui and its principals, Ms. Bartlett and Mr. Grasiano.

I look forward to hearing from you.

Sincerely,

R. Michael Pierro, Jr.

RMP